[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The foregoing petition for emancipation was brought pursuant to Sec. 46b-150, et seq. by Harry Zakorchevnoy, Sr. By his petition Mr. Zakorchevnoy is seeking an order of this court that his son, Harry Zakorchevnoy, Jr., age 17, herein after referred to as the respondent, be declared emancipated.
Evidence and testimony was offered by the petitioner on May 16, CT Page 6225 1991, in support of the petition. The respondent also testified.
Based upon the evidence and testimony the court makes the following findings:
The respondent does not reside in the home of his father, the petitioner, and has not since December 2, 1990.
Prior to having his father's home, the respondent experienced an antagonistic and even violent relationship with his stepmother, Kristine Zakorchevnoy. On one occasion a physical altercation ensued during which Mrs. Zakorchevnoy kicked the respondent in the face causing him injury.
The respondent removed himself from that residence voluntarily. He would consider returning if he could be assured that there would be no violence directed to him by Mrs. Zakorchevnoy.
Since removing himself from his father's home, the respondent has lived with the Mulville family and, more recently in the home of his uncle.
The petitioner considered the Mulville home to be a dangerous and unacceptable living arrangement for his son.
The respondent is hoping to enroll in a trade school located in Waterbury. He is presently unemployed, receives no appreciable income of his own and has no personal medical insurance or means to meet his day-to-day expenses. His uncle charges him no board for living in his home.
Counsel for the respondent, when asked by the court, declined to stipulate to any orders of emancipation and expressed certain reservations concerning the propriety of such an order under the facts as presently exist.
The respondent is, in fact, living a life separate and apart from his father and has done so for some time.
His status appears to meet the prerequisites for emancipation under the common law of Connecticut which are distinguishable from the criteria for statutory emancipation as provided in Sec. 46b-150e
of the Connecticut General Statutes.
A minor is emancipated if placed in a new relation inconsistent with the former relation as part of his parent's family. Plainville vs. Milfore, 119 Conn. 380, 384.
An `implied emancipation' results when the parent, without any express agreement by his acts or conduct, Impliedly consents CT Page 6226 that his minor son may leave home and shift for himself, have his own time and control of his earnings, and may be inferred from and shown by the circumstances. Rounds Bros. v. McDaniel 133 Ky. 669.
In order for the petition to be granted the court must find that at least one of four circumstances or conditions set forth in Sec. 46b-150b CGS have been met. The respondent in the instant case is not married; is not on active duty with the U.S. military; it has not been shown that emancipation is in the best interest of either or both parties and most specifically, the respondent is not, to this court's satisfaction, managing his own financial affairs.
For the foregoing reasons the court finds that the respondent is emancipated under the common law definition but not pursuant to the statutory definition as set forth in 46n-150, et seq. CGS.
For that reason the foregoing petition for emancipation pursuant to the statutes made and provided is denied.
BY THE COURT
JOSEPH W. DOHERTY, JUDGE.